EASTMAN
*v.*
HARRIS.

---

## POSEY et al. *v.* WEEMS, Syndic, et al.

Where the creditors of an insolvent are the parties in interest in a contest as to a privilege claimed by one of them, the claim cannot be established by an action against the syndics; they represent the mass and not individual creditors.

APPEAL from the District Court of West Feliciana, *Lawson*, J.   *Ratliff* and *Cowgill*, for the plaintiffs.   *Phillips*, for the appellants.   The judgment of the court *( Rost,* J. absent,) was pronounced by

EUSTIS, C. J.   *Margaret Posey* and her husband, the appellees, intervened in a suit between the syndics of *A. Dunbar* and *Stephen* and *Gideon Neville*, which was instituted for the recovery of the purchase money of a certain tract of land, bought by *Stephen Neville* at the sale of the insolvent's property.   The petition of intervention claimed the price of the land under the privilege of the vendor, *Margaret Posey* having sold the land to *Dunbar*, the insolvent, who had never paid for it.   He had placed this tract of land among his property on his

POSEY
v.
WHEMS.

schedule, and surrendered it to his creditors, whose syndics took possession of it, and sold it to *Stephen Neville*.

A tableau of distribution was filed by the syndics on the 13th of April, 1843, which was homologated, so far as not opposed, on the 23d of May following. On the 16th of December, 1844, the attorney of the appellees made an application for leave to file an opposition to the tableau, which application was disallowed. No mention is made on the schedule, or on the tableau, of the appellees or of the claim set up by them. The proceeds of the sale of this land, having been returned by the syndics in their account as assetts, have been thus decreed to be distributed by the homologation of the tableau. *Neville* gave notes to the syndics for the price of the land, and these notes not having been paid, suit was instituted upon them, and, after an appeal to this court, judgment was rendered for the balance due on them. The appellees, intervening in this suit and claiming the vendors' privilege, had judgment against the syndics for the same amount, with a privilege on the proceeds of the sale of the land. The syndics have appealed. The case has been submitted on the written argument of the counsel for the appellees, without any argument on the part of the appellants. The privilege claimed by the appellees cannot be established in an action against the syndics; the parties in interest are the creditors claiming adverse rights to it. The syndics represent the mass, and not individual creditors. The creditors have a judgment on the fund to be distributed under the tableau, and we do not understand that their rights thus secured can be affected in an action against the syndics. That part of the judgment which gives the appellees the privilege is clearly erroneous.

The judgment of the District Court allowing the intervenors and appellees a privilege on the proceeds of the tract of land sold to *Neville*, is, therefore, reversed, and, in other respects, is affirmed; the appellants paying the costs of the appeal, and the appellees those of the intervention in the District Court.